1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROYAL SPECIALTY UNDERWRITING, | 1:03-CV-6586-OWW-SMS |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (DOC. 16) |
| v. | |
| HIMAX FURNITURE INDUSTRY CORPORATION, Ltd., | ORDER DIRECTING THE CLERK TO ENTER THE DEFAULT OF DEFENDANT HIMAX FURNITURE CORPORATION, LTD. |
| Defendant. | **ORDER VACATING HEARING** ON MAY 20, 2005, ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

Background

Plaintiff Royal Speciality Underwriting, an insurer and a Georgia corporation with a principal place of business in North Carolina, filed in November 2003 this action for indemnity against Defendant Himax Furniture, a citizen of China and the manufacturer of defective furniture. The furniture caused an injury that resulted in a claim of $125,000 by Plaintiff's

1

insured, a seller or distributor of the defective furniture. The claim was settled by Plaintiff. Jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(2) because the claim is between citizens of a state and citizens or subjects of a foreign state and exceeds $75,000.00.

After Plaintiff filed a proof of service in September 2004 and requested the entry of default against Defendant, the Clerk wrote to Plaintiff and denied the request to enter a clerk's default because it was not in compliance with Fed. R. Civ. P. 55.

Plaintiff filed the instant motion for entry of default on December 6, 2004, alleging service on Defendant on May 5, 2004, and a failure on Defendant's part to plead or otherwise defend. Plaintiff argued that the service was proper pursuant to the Hague Convention. Plaintiff submitted a proof of service as well as counsel's declaration that the summons and complaint were timely and properly served, and that Defendant did not file an answer, motion, or other responsive pleading. The docket reflects that no responsive pleading or motion has been filed.

On December 23, 2004, the Court directed Plaintiff to file supplemental briefing.[1] The hearing on the motion and due dates

---

[1] This briefing was on the incomplete nature of the actual proof of service filed in this action, which did not indicate the method of service, the identity and description of the person served, or the relationship of the person served to the addressee. Further, the certificate stated, "the signature cannot be recognized." Plaintiff had not briefed the issues of whether the clearly incomplete certificate was completed in the form of the model annexed to the present Convention, as is required by Article 6 of the Hague Convention; whether the certificate stated the method, place, and date of service, and the person to whom the document was delivered, as is required by Article 6; whether the incomplete certificate could constitute prima facie evidence of service by the Central Authority in compliance with the Convention and in compliance with the law of the foreign state in which service was effected; whether Plaintiff had filed a sufficient proof of service pursuant to Fed. Civ. P. 4(f)(1) and the Convention; and whether such a proof

2

1    were continued. Instead of briefing, on April 28, 2005, Plaintiff

2    filed a translation of the certificate of delivery (in effect,

3    the proof of service) and a letter stating that the submitted

4    documents obviated the need for briefing.

5          Sufficiency of Service

6          The Convention on the Service Abroad of Judicial and

7    Extrajudicial Documents in Civil or Commercial Matters is

8    appended to Fed. R. Civ. P. 4. See 28 U.S.C.A., Fed. R. Civ. P.

9    4, Treaties and Conventions, Convention on the Service Abroad of

10   Judicial and Extrajudicial Documents in Civil or Commercial

11   Matters (West's Supp. 2004). The Convention provides that it

12   shall apply in all cases in civil or commercial matters where

13   there is occasion to transmit a judicial or extrajudicial

14   document for service abroad where the address of the person to be

15   served is known. Conv., Art. 1. Each contracting state designates

16   a Central Authority that will receive requests for service from

17   other contracting states and will proceed in conformity with the

18   provisions of articles 3 through 6. Conv., Art. 2. The authority

19   competent under the law of the state in which the documents

20   originate shall forward to the Central Authority a request

21   conforming to a model annexed to the present Convention with a

22   copy of the document to be served annexed to the request, both in

23   duplicate. Conv., Art. 3. A nonconforming request prompts the

24   Central Authority to inform the applicant and state specific

25   _____

26   of service established service that met the requirements of Article 15 that must be established
     before a default judgment, which Plaintiff would ultimately seek, might be entered. If Plaintiff

27   did not intend to rely on the Convention, then Plaintiff had not briefed the sufficiency under any
     other pertinent standards of the actual proof of service submitted to this Court. Filing an amended

28   proof of service was suggested.

1  objections.

2      Here, the declaration of Rick Hamilton, the Director of

3  Operations at Process Forwarding International (PFI), states that

4  PFI is the official contractor to the United States Department of

5  Justice for international process service; he requested the

6  service abroad on Defendant Himax in this case. A copy of the

7  request for service abroad shows that the request conformed to

8  the model annexed to the Convention and that service was

9  requested in accordance with Article 5 of the Convention.

10     Article 5 of the Convention provides that the Central

11 Authority shall itself serve the document or arrange to have it

12 served by an appropriate agency, either a) by a method prescribed

13 by its internal law for the service of documents or b) by a

14 particular method requested by the applicant, unless that method

15 is incompatible with the law of the state in which service shall

16 occur. Subject to the law of that state, the document may always

17 be served by delivery to an addressee who accepts it voluntarily.

18 Conv., Art. 5. A summary of the document shall be served with the

19 document.

20     Article 6 of the Convention provides that the Central

21 Authority shall complete a certificate in the form of a model

22 annexed to the present Convention which shall state that the

23 document has been served; shall include the method, the place and

24 date of service, and the person to whom the document was

25 delivered; and shall be forwarded directly to the applicant.

26     Hamilton declares that he was provided with a certified

27 translation of the certificate of delivery. The certified

28 translation indicates that the documents were delivered on May 5,

1  2004, at 10:00 a.m. at Zhejian Himax Furniture Industry Co. Ltd;
2  the person served was Tianshui Zhu, the Company Associate General
3  Manager, whose telephone number was given. The certificate itself
4  bears a signature and seal; the translation indicates the
5  signer's identity and relationship with the addressee. Hamilton
6  authenticates the translation and states that the certificate of
7  delivery confirms that process was made on Defendant on May 5,
8  2004, at 10:00 a.m., upon Zhu Tianshui, the Defendant's associate
9  general manager. He further states that service was made pursuant
10 to Article 5(a) of the Hague Convention, which provides that each
11 signatory country can designate a method of service of judicial
12 documents, and that the method of service in this case is in
13 compliance with the People's Republic of China Ministry of
14 Justice for service of civil litigation documents to persons or
15 entities within its territory.

16     Fed. R. Civ. P. 4(h) provides that unless otherwise
17 provided by federal law, service upon a foreign corporation shall
18 be effected 1) in a judicial district of the United States (not
19 the case here), or 2) "in a place not within any judicial
20 district of the United States in any manner prescribed for
21 individuals by subdivision (f) except personal delivery as
22 provided in paragraph 2(C)(i) thereof."

23     Fed. R. Civ. P. 4(f) provides:

24 (f) Unless otherwise provided by federal law, service
   upon an individual from whom a waiver has not been
25 obtained and filed, other than an infant or an
   incompetent person, may be effected in a place not
26 within any judicial district of the United States:
       (1) by any internationally agreed means reasonably
27 calculated to give notice, such as those means
   authorized by the Hague Convention on the Service
   Abroad of Judicial and Extrajudicial Documents; or
28

5

(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
    (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
    (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
    (C) unless prohibited by the law of the foreign country, by
        (i) delivery to the individual personally of a copy of the summons and the complaint; or
        (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or
(3) by other means not prohibited by international agreement as may be directed by the court. (Emphasis added.)

Here, neither subdivision (f)(2) nor (f)(3) applies because China is a signatory to the Hague Convention, and the Court has not ordered service by another means.

As to proof of service, Fed. R. Civ. P. 4(l) provides:

If service is not waived, the person effecting service shall make proof thereof to the court. <u>If service is made by a person other than a United States marshal or deputy United States marshal, the person shall make affidavit thereof. Proof of service in a place not within any judicial district of the United States shall, if effected under paragraph (1) of subdivision (f), be made pursuant to the applicable treaty or convention</u>, and shall, if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court. Failure to make proof of service does not affect the validity of the service. The court may allow proof of service to be amended. (Emphasis added.)

China is a signatory to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (Hague Convention). 28 U.S.C.A, Rule 4, Treaties and Conventions n. 3a at p. 133-35 (West's, Supp. 2004). The Bureau of International Judicial Assistance of the Ministry of Justice of the People's Republic of China is designated as China's Central Authority. <u>Id.</u> at 134. This is the authority to which

1  Hamilton directed the request for service.

2      Hamilton declares and certifies that the service of process

3  made on Defendant in this case was pursuant to Article 5(a) of

4  the Hague Convention because China, the signatory country, is

5  free to designate a method of service, and the method of service

6  in the instant case was in compliance with the People's Republic

7  of China Ministry of Justice for service of civil litigation

8  documents to persons or entities within its territory. Hamilton,

9  as the director of operations of the official contractor to the

10  United States Department of Justice for international process

11  service, may reasonably be expected to be familiar with the

12  methods of service designated by China.

13      It has been held that the return of a completed certificate

14  of service is prima facie evidence that the Central Authority

15  served the document or documents in compliance with the

16  Convention and in compliance with the law of the foreign state in

17  which service was effected. Northrup King v. Compania Productoras

18  Semillas Algodoneras Selectas, 51 F.3d 1383, 1389-90 (8th Cir.

19  1995). It has been held that by not objecting to the documents

20  and by certifying service, the Central Authority indicates that

21  the documents complied with the Convention and that it had served

22  them in compliance with the Convention, i.e., that it had made

23  service as the law of China required. Id.

24      It thus appears that Plaintiff has proved that the service

25  of process was in conformity with the Convention and was adequate

26  under Fed. R. Civ. P. 4(f) and (l).

27      Accordingly, it should be concluded that Plaintiff has

28  demonstrated that Defendant has been served with the summons and

7

1 complaint. In view of the declaration of counsel that Defendant
2 has not filed a response, and the Court's docket, which indicates
3 the same thing, it appears that Plaintiff is entitled to entry of
4 default. The clerk shall enter a party's default when a party
5 against whom a judgment for affirmative relief is sought has
6 failed to plead or otherwise defend as provided by the pertinent
7 Federal Rules of Civil Procedure. Fed. R. Civ. P. 55(a). Unless a
8 different time is prescribed by statute of the United States, a
9 defendant shall serve an answer within twenty days after being
10 served with the summons and complaint. Fed. R. Civ. P. 12(a).
11 Before a default will be entered, the clerk must be satisfied
12 from the request and accompanying documentation that 1) the
13 defendant has been served with the summons or has agreed to waive
14 service, 2) the time allowed by law for responding has expired,
15 and 3) the defendant has failed to file a pleading or motion
16 permitted by law; however, no notice to the defendant is
17 required. <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508,
18 512 (9th Cir. 1986).

19     <u>Remedy</u>

20     Fed. R. Civ. P. 55(a) provides with respect to entry of
21 default:

22     When a party against whom a judgment for affirmative
       relief is sought has failed to plead or otherwise defend
23     as provided by these rules and that fact is made to appear
       by affidavit or otherwise, the clerk shall enter the
24     party's default.

25 Although the rule refers to the clerk's entry of default, it is
26 established that the rule is not in derogation of the Court's
27 power to order that default be entered. <u>Breuer Elecric</u>
28 <u>Manufacturing Co. v. Toronado Systems of America, Inc.</u>, 687 F.2d

8

1  182, 185 (7th Cir. 1982); <u>Bonita Packing Co. v. O'Sullivan</u>, 165

2  F.R.D. 610, 614 (C.D. Cal. 1995) (recognizing that even when a

3  defendant is technically in default for failing to answer or

4  otherwise appear, it is nevertheless within a court's discretion

5  whether to enter a default); <u>United States v. Jackson</u>, 25 F.Supp.

6  79 (D.C. Ore. 1938) (ordering the entry of default but indicating

7  that the clerk should do so in the future without a court order).

8      Accordingly, Plaintiff's motion will be granted, and the

9  Clerk will be directed to enter the default of Defendant Himax

10 Furniture Industry Corporation, Ltd.

11     Further, pursuant to Local Rule 78-230(h), the Court has

12 determined that hearing of Plaintiff's motion for entry of

13 default is unnecessary, and the motion may be submitted on the

14 papers and briefs filed with the Court.

15     Accordingly, it IS ORDERED that

16     1) The hearing set for May 20, 2005, on Plaintiff's motion

17 for entry of default IS VACATED; and

18     2) Plaintiff's motion for entry of default against Defendant

19 Himax Furniture Industry Corporation, Ltd., IS GRANTED; and

20     3) The Clerk of the Court IS DIRECTED to enter the default

21 of the Defendant Himax Furniture Industry Corporation, Ltd.

22

23 IT IS SO ORDERED.

24 **Dated:    May 17, 2005**          _____/s/ Sandra M. Snyder_____
   icido3                         UNITED STATES MAGISTRATE JUDGE

25

26

27

28