UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROYAL SPECIALTY UNDERWRITING, | ) | CV F 03 6586 OWW SMS |
| | ) | |
| Plaintiff, | ) | ORDER DIRECTING PLAINTIFF TO FILE |
| v. | ) | SUPPLEMENTAL BRIEFING NO LATER |
| | ) | THAN **August 3, 2005** |
| HIMAX FURNITURE INDUSTRY CORPORATION, Ltd., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

On June 29, 2005, Plaintiff filed a notice of motion and motion for default judgment, which is presently set to be heard on August 12, 2005.

An application for entry of default judgment is an application to the Court for an order and thus qualifies as a motion pursuant to Fed. R. Civ. P. 7(b)(1) and Local Rule 1-101(19). Therefore, it should include briefs on the pertinent issues pursuant to Local Rule 78-230(b).

With respect to the instant motion, there are matters concerning liability and damages which require briefing.

1

1  A default judgment generally bars the defaulting party from
2 disputing the facts alleged in the complaint, but the defaulting
3 party may argue that the facts as alleged do not state a claim.
4 Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392.
5 Thus, well pleaded factual allegations, except as to damages, are
6 taken as true; however, necessary facts not contained in the
7 pleadings, and claims which are legally insufficient, are not
8 established by default. Cripps v. Life Ins. Co. of North America,
9 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v.
10 Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

11  Plaintiff has not provided the Court with points and
12 authorities showing that the Plaintiff's claim for
13 indemnification includes allegations of all the necessary
14 elements required for entitlement to relief with respect to the
15 claim for indemnification and, to the extent necessary, the
16 underlying tort claim. It is the party's burden to demonstrate to
17 the Court what law applies and that under the pertinent law, the
18 Plaintiff's claim, as alleged, is legally sufficient.

19  Likewise, the applicant should supply the Court with all
20 pertinent and necessary legal authority pursuant to which it is
21 appropriate to enter judgment against a particular party based
22 upon the allegations of the party's status, agency,
23 participation, or other alleged basis for liability of the
24 particular party.

25  As to damages, generally the scope of proceedings on an
26 application for default judgment involves a determination of
27 damages, which Plaintiff must prove by evidence, whether by
28 affidavits where an evidentiary hearing is waived, Davis

1  v.Fendler, 650 F.2d 1154, 1161-62 (9th Cr. 1981), or by evidence,
2  Fed. R. Civ. P. 55(b)(2). However, the party should also provide
3  the Court with legal authority in support of the measure of
4  damages sought to be applied by the party. Depending on the
5  claims made by the plaintiff, this may include informing the
6  Court of the source of the law governing the measure of damages,
7  including interest (i.e., federal or state), providing statutory
8  and case law defining the appropriate measure of damages and
9  method of computation of any interest sought, and informing the
10 Court of the law and the pertinent facts regarding any election
11 of remedies which the Plaintiff has made or must make. If
12 attorneys fees or costs are sought, authority for including costs
13 or fees in the judgment and for computing costs or fees should be
14 set forth.
15     Accordingly, it IS ORDERED that Plaintiff SHALL FILE
16 supplemental points and authorities addressing the matters set
17 forth hereinabove no later than August 3, 2005.

19 IT IS SO ORDERED.
20 **Dated:   July 12, 2005**            **/s/ Sandra M. Snyder**
   icido3                         UNITED STATES MAGISTRATE JUDGE

3