1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| ROYAL SPECIALTY UNDERWRITING, ) | CV F 03 6586 OWW SMS |
| ) | |
| Plaintiff, ) | FINDINGS AND RECOMMENDATIONS RE: |
| v. ) | PLAINTIFF'S MOTION FOR DEFAULT |
| ) | JUDGMENT (DOC. 27) |
| HIMAX FURNITURE INDUSTRY ) | |
| CORPORATION, Ltd., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

16    Plaintiff is proceeding with a civil action in this Court.

17 The matter has been referred to the Magistrate Judge pursuant to

18 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

19    I. Background

20    Plaintiff Royal Speciality Underwriting, Inc., an insurer,

21 filed a complaint for indemnification on November 12, 2003,

22 against Defendant Himax Furniture Industry Corporation, Ltd. On

23 December 6, 2004, Plaintiff moved for entry of default,

24 submitting a memorandum of points and authorities and a

25 declaration in support thereof; on April 28, 2005, Plaintiff

26 filed a certificate of service, translated, with attachments. On

27 May 18, 2005, Plaintiff's motion for entry of default was

28 granted, and on the same date the clerk entered the default of

1

1  Defendant Himax Furniture Industry Corporation, Ltd.

2        On June 29, 2005, Plaintiff filed a notice of motion and

3  motion for default judgment and declaration of Alex Gortinsky[1]

4  with exhibits in support thereof; on October 14, 2005, and again

5  on November 4, 2005, Plaintiff filed a supplemental brief.[2]

6        On November 17, 2005, the Court vacated the hearing on

7  Plaintiff's motion for default judgment and deemed the matter

8  submitted on the basis of the papers submitted with respect to

9  the motion.[3]

10       II. <u>Requirements for Entitlement to Default Judgment</u>

11       A court has the discretion to enter a default judgment

12 against one who is not an infant, incompetent, or member of the

13 armed services where the claim is for an amount that is not

14 certain on the face of the claim and where 1) the defendant has

15 been served with the claim; 2) the defendant's default has been

16 entered for failure to appear; 3) if the defendant has appeared

17 in the action, the defendant has been served with written notice

18 of the application for judgment at least three days before the

19 hearing on the application; and 4) the court has undertaken any

20 necessary and proper investigation or hearing in order to enter

21 judgment or carry it into effect. Fed. R. Civ. P. 55(b); <u>Alan

22 Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392 (9th

23

24       [1] On November 14, 2005, Mr. Gortinsky substituted out and Mr. Nielsen substituted in as Plaintiff's
25 counsel.

26       [2] Some portion of the delay in the hearing of this motion has resulted from Plaintiff's counsel's failure to
file a substitution of attorneys and order in compliance with the Local Rules, and by extensions of time sought for the
27 submission of the supplemental brief.

28       [3] Plaintiff's counsel was notified by telephone on the morning of November 17, 2005 of the order vacating
the hearing.

1  Cir. 1988). Factors that may be considered by courts in
2  exercising discretion as to the entry or setting aside of a
3  default judgment include the nature and extent of the delay,
4  Draper v. Coombs, 792 F.2d 915, 924-925 (9th Cir. 1986); the
5  possibility of prejudice to the plaintiff, Eitel v. McCool, 782
6  F.2d 1470, 1471-72 (9th Cir.1986); the merits of plaintiff's
7  substantive claim, id.; the sufficiency of the allegations in the
8  complaint to support judgment, Alan Neuman Productions, Inc., 862
9  F.2d at 1392; the amount in controversy, Eitel v. McCool, 782
10 F.2d at 1471-1472; the possibility of a dispute concerning
11 material facts, id.; whether the default was due to excusable
12 neglect, id.; and the strong policy underlying the Federal Rules
13 of Civil Procedure that favors decisions on the merits, id.

14      A default judgment generally bars the defaulting party from
15 disputing the facts alleged in the complaint, but the defaulting
16 party may argue that the facts as alleged do not state a claim.
17 Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392.
18 Thus, well pleaded factual allegations, except as to damages, are
19 taken as true; however, necessary facts not contained in the
20 pleadings, and claims which are legally insufficient, are not
21 established by default. Cripps v. Life Ins. Co. of North America,
22 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v.
23 Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

24           A. Status of the Parties, Service, Notice,
25              and Entry of Default

26      The Court takes judicial notice of its order granting
27 Plaintiff's motion for entry of default, filed on May 18, 2005
   (Doc. 25), in which the Court determined that Plaintiff had
28

3

1   proved that the service of the complaint and summons was in

2   conformity with the Hague Convention and was legally adequate

3   under Fed. R. Civ. P. 4(f) and (l).[4] The Court has not been

4   informed of any fact that would change its conclusion regarding

5   the adequacy of service, and thus the Court confirms the adequacy

6   of Plaintiff's proof of service on the Defendant entity. The

7   Court further notes that there is no indication that Defendant

8   answered within the pertinent time period permitted by the rules,

9   and thus the entry of Defendant's default on the same date was

10  correct.

11      The Plaintiff's motion for default judgment was not served

12  on Defendant. Although Fed. R. Civ. P. 55(b)(2) requires written

13  notice of an application for default judgment be served at least

14  three days prior to the hearing on the defaulting party, it

15  requires that such notice be given only to a party, or a

16  representative thereof, who has appeared in the action. An

17  appearance for the purpose of Rule 55 need not be a formal one

18  and may consist even of informal contacts made by the defaulting

19  party where the defaulting party demonstrates a clear purpose to

20  defend the suit. In re Roxford Foods v. Ford, 12 F.3d 875, 879-81

21  (9th Cir. 1993) (holding in a declaratory relief action that

22  communications by a trustee in bankruptcy regarding an identical

23  claim in a related bankruptcy action to be sufficient to

24  demonstrate a clear intention to defend where time had been given

25

26

27      [4] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978),

28  aff'd, 645 F.2d 699 (9th Cir. 1981).

4

to the trustee to retain counsel for representation on the merits). Here, there was no formal appearance; further, Plaintiff's counsel declares that Defendant has not appeared in this action. Thus, no notice was necessary.

Fed. R. Civ. P. 55(d) and 54(c) require that a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Plaintiff expressly alleged in the complaint that Plaintiff sought damages that included $125,000.00 paid by Plaintiff insurance company to the injured party, Marilyn Beeler, in settlement of her action against Plaintiff's insured, plus attorney's fees and costs incurred in connection with the underlying tort action. (Complt. at 3.)

Because Plaintiff sought only $125,000.00 paid in the action (Complt. at p. 3), the demand for $137,500.00 set forth in the declaration of Gortinsky as the amount of the settlement exceeds the demand of the complaint. Accordingly, with respect to the amount paid in settlement (as distinct from other elements of damage claimed), only $125,000.00 should be awarded. Fong v. United States, 300 F.2d 400, 412-13 (9th Cir. 1962).

Plaintiff prayed for judgment that included costs incurred and paid in defense of the claim brought by Beeler due to the faulty manufacturing of the chair, as well as costs of the present suit. (Complt. at 3.) It has been held that where a type of damages is requested in the complaint in an amount to be proved, but the amount was not specified, recovery in excess of an amount stated is permitted. Henry v. Sneiders, 490 F.2d 315, 317 n. 2 (9th Cir. 1974), cert. denied Sneiders v. Henry, 419 U.S.

5

1060 (1974). Thus, it appears that the prayer for costs provides sufficient notice.

In his declaration, Alex Gortinsky declares that Defendant is not an infant, incompetent, or member of the armed forces. (Decl. at 2.)

In summary, there is no defect with respect to notice, status or interest of the parties, or presence of a member of the armed forces, which would render entry of default judgment inappropriate. Further, there is no indication that there would be any material dispute as to facts, or that any other factor warrants a trial on the merits in this action. Accordingly, the entry of default judgment appears to be appropriate.

B. <u>Sufficiency of the Complaint</u>

1) <u>Jurisdiction</u>

Plaintiff alleges that Plaintiff Royal Speciality Underwriting, Inc., is a corporation incorporated in the state of Georgia and has its headquarters and principal place of business in North Carolina; Defendant Himax Furniture Industry Corporation, Ltd., is a citizen of China with its principal place of business in China; and the amount in controversy exceeds $75,000.00. (Complt at 1.) Gortinsky declares that Defendant is a foreign corporation doing business under the laws of China. (Decl. at ¶ 5.)

These allegations are sufficient to establish subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1332(a)(2), which recognizes original jurisdiction in the district courts of civil actions involving matters in controversy exceeding $75,000.00 and between citizens of a state and citizens of

1  subjects of a foreign state. A corporation created under the laws

2  of a foreign state is deemed to be a citizen or subject of the

3  foreign state. JPMorgan Chase Bank v. Traffic Stream (BVI)

4  Infrastructure Ltd., 536 U.S. 88, 91-92 (2002).

5              2. Indemnity

6      The complaint alleges that Plaintiff insured Numark

7  Industries, which operated and maintained a furniture

8  distribution business, under a general insurance liability

9  policy. Defendant Himax manufactured and supplied a defective

10 chair to the insured, which in turn distributed it to Office Max,

11 an office supply store located in Stanislaus County, which in

12 turn sold it to the County of Stanislaus Probation Department;

13 Marilyn Beeler, an employee of the Probation Department, was

14 injured by the chair when it collapsed, and she sued in the

15 California Superior Court, County of Stanislaus, where it was

16 determined that her injury was a direct result of Defendant

17 Himax's defective manufacture of the chair. Beeler recovered

18 damages from Numark, the insured, based on Numark's participation

19 in the marketing chain, and its strict liability for the injuries

20 sustained by Beeler, despite Numark's not being negligent or

21 otherwise at fault; Plaintiff settled the action in good faith

22 pursuant to an agreement with Beeler for the sum of $125,000.00,

23 which was reasonable in light of the injuries sustained.

24 Plaintiff also sustained expenses in connection with the

25 Stanislaus County action, including attorney's fees and costs.

26 (Complt. at 1-3.)

27     The principle of subrogation applies in all cases in which

28 one person, not a volunteer, pays a debt for which another is

7

primarily answerable and which, in equity and good conscience, should have been discharged by the latter. Caito v. United California Bank, 20 Cal.3d 694, 704 (1978); Fireman's Fund Ins. Co. v. Maryland Cas. Co. , 65 Cal.App.4th 1279, 1292 (1998). Equitable subrogation is a right implied by law by virtue of the nature of the contract of insurance, independent of a provision in the contract itself, Offer v. Superio Court, 194 Cal. 114, 118 (1924); its purpose is to place the burden for a loss on the party ultimately liable or responsible for it and by whom it should have been discharged, and to relieve entirely the insurer who indemnified the loss and who in equity was not primarily liable therefor, Fireman's Fund Ins. Co. v. Maryland Cas. Co. , 65 Cal.App.4th at 1296. An insurer who has paid an insured loss caused by a third party may pursue the insured's rights and remedies against that party. Employers Mutual Liability Insurance Coa. v. Tutor-Saliba Corp., 17 Cal.4th 632, 639 (1998). A supplier of a product who is without fault but who has become strictly liable because of its mere presence in the chain of distribution of a defective product has a right to indemnity from the manufacturer, which is strictly liable. Ford Motor Co. v. Robert J. Poeschl, 21 Cal.App.3d 694, 697-98 (1971).

The essential elements of an insurer's cause of action for equitable subrogation are as follows: 1) the insured suffered a loss for which the defendant is liable, either as the wrongdoer whose act or omission caused the loss or because the defendant is legally responsible to the insured for the loss caused by the wrongdoer; 2) the claimed loss was one for which the insurer was not primarily liable; 3) the insurer has compensated the insured

8

1  in whole or in part for the same loss for which the defendant is

2  primarily liable; 4) the insurer has paid the claim of its

3  insured to protect its own interest and not as a volunteer; 5)

4  the insured has an existing, assignable cause of action against

5  the defendant which the insured could have asserted for its own

6  benefit had it not been compensated for its loss by the insurer;

7  6) the insurer has suffered damages caused by the act or omission

8  upon which the liability of the defendant depends; 7) justice

9  requires that the loss be entirely shifted from the insurer to

10 the defendant, whose equitable position is inferior to that of

11 the insurer; and 8) the insurer's damages are in a liquidated

12 sum, generally the amount paid to the insured. <u>Fireman's Fund</u>

13 <u>Ins. Co. v. Maryland Cas. Co.</u>, 65 Cal.App.4th at 1292.

14      Here, Plaintiff alleged the primary liability of Defendant

15 for the loss suffered by the party who successfully sued the

16 insured and the Plaintiff's payment of the insured's liability to

17 the injured party. It has further been alleged that the insured

18 was without fault, and that the liability towards the injured

19 party was based on the manufacturer's strict liability. The facts

20 pleaded sufficiently stated a claim for equitable subrogation.[5]

21           C. <u>Damages</u>

22     Exhibit C to the declaration of Gortinsky reveals that the

23 insured settled the lawsuit against it by agreeing to pay to the

24 injured party, Marilyn Beeler, $137,500.00, but $12,000.00 was

25 paid to the County of Stanislaus, which had intervened in the

26 action. Thus, the insured was obligated to pay $125,000.00 to the

27 _____

28      [5] Attachments to the declaration of Gortinsky demonstrate that the chair was defective due to a poor weld, a manufacturing defect. (Ex. B.)

1   injured party, the amount demanded in the complaint.

2       Plaintiff also claims $12,350.20 in costs in the underlying

3   products liability action as well as costs of $1,183.25 in the

4   present action. Costs were prayed for in the complaint.

5       As to the costs and fees paid in the underlying action in

6   which the insured was sued by the injured party, Plaintiff argues

7   that a person who through the tort of another has been required

8   to act in the protection of his interests by bringing or

9   defending an action against a third person is entitled to recover

10  compensation for the reasonably necessary loss of time,

11  attorney's fees, and other expenditures thereby suffered or

12  incurred. Prentice v. North American Title Guaranty Corp.,

13  Alameda Division, 59 Cal. 2d 618, 620 (1963) (holding that where

14  a vendor of land was required by the negligence of a third party

15  to bring a quiet title suit to protect its interests, the vendor

16  was entitled to recover from the third party the expenditures and

17  attorney's fees paid in the quiet title suit). Gortinsky's

18  declaration states that the costs and expenditures of the state

19  court action, consisting of court fees and costs; expenditures

20  for discovery, subpoenas, medication, experts, translation; and

21  miscellaneous expenses of photocopying, mailing, and telephone

22  were incurred, and he has submitted copies of the invoices

23  supporting the costs requests. (At 5, and Ex. E.)

24      The Court finds that costs in the products liability action

25  of $12,350.20 should be awarded.

26      As to costs in this action, costs recoverable under Fed. R.

27  Civ. P. 54(d) include those enumerated in 28 U.S.C. § 1920 and

28  other applicable statutes. Local Rule 54-292(a). Federal courts

1  are limited to assessing only those costs enumerated under 28

2  U.S.C. § 1920, but courts are free to interpret the meaning of

3  costs within section 1920. Haagen-Daz v. Double Rainbow Gourmet

4  Ice Creams, 920 F.2d 587, 588 (9th Cir. 1990) (citing Crawford

5  Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987)).

6       Plaintiff's costs of filing fees and fees for service of

7  process, which include the translation fees of the service

8  documents required for proof of service in this Court, are

9  allowable pursuant to 28 U.S.C. §§ 1920(a), 1921; Local Rule 54-

10 292(f) (fees of the clerk and marshal). Private process servers'

11 fees are recoverable. Afflex Corp. v. Underwriters Laboratories,

12 Inc., 914 F.2d 175, 178 (9th Cir. 1990).

13      However, with respect to claimed costs of photocopying,

14 Title 28 U.S.C. § 1920(4) and Local Rule 54-292(f) provide that

15 items taxable as costs include fees for exemplification and

16 copies of papers "necessarily obtained for use in the case." It

17 is not required that the document be introduced at a hearing or

18 trial or otherwise into the record. Haagen-Daz v. Double Rainbow

19 Gourmet Ice Creams, 920 F.2d 587, 588 (9th Cir. 1990). Recovery is

20 allowed for costs for copies reasonably and necessarily procured

21 in connection with discovery and use in presenting arguments and

22 evidence to the Court, but not for in-house copying made for the

23 convenience of counsel. Frederick v. City of Portland, 162 F.R.D.

24 139, 144 (D. OR 1995). The costs of printing pleadings and other

25 papers required to be served on opposing parties and the Court

26 are recoverable under § 1920(3) ("fees and disbursements for

27 printing and witnesses"). McMillan v. United States, 891 F.Supp.

28 408, 415 (WD MI 1995).

1   Plaintiff does not indicate the purpose or nature of the
2   copying costs of $2.13 claimed. Thus, that portion of the costs
3   claimed has not been shown to have been necessarily incurred and
4   should be excluded.

5       Accordingly, the Court finds that Plaintiff should be
6   awarded $1181.12 in costs in this action.

7       III. <u>Recommendation</u>

8       Accordingly, it IS RECOMMENDED that:

9       1. Plaintiff's motion for entry of a default judgment BE
10  GRANTED in part; and

11      2. The Clerk BE DIRECTED to enter judgment in favor of
12  Plaintiff Royal Specialty Underwriting, Inc., and against
13  Defendant Himax Furniture Industry Corporation, Ltd., for
14  damages, consisting of $125,000.00 spent in settlement of the
15  state court action and $12,350.20 in expenses in the state
16  action; and for costs in this action in the amount of $1181.12.

17      This report and recommendation is submitted to the United
18  States District Court Judge assigned to the case, pursuant to the
19  provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
20  Local Rules of Practice for the United States District Court,
21  Eastern District of California. Within thirty (30) days after
22  being served with a copy, any party may file written objections
23  with the Court and serve a copy on all parties. Such a document
24  should be captioned "Objections to Magistrate Judge's Findings
25  and Recommendations." Replies to the objections shall be served
26  and filed within ten (10) <u>court</u> days (plus three days if served
27  by mail) after service of the objections. The Court will then
28  review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636

1  (b)(1)(C). The parties are advised that failure to file

2  objections within the specified time may waive the right to

3  appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d

4  1153 (9th Cir. 1991).

5

6  IT IS SO ORDERED.

7  **Dated:   November 17, 2005   _____/s/ Sandra M. Snyder_____**
   icido3                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28